1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   FELIX SOLORIO VALDOVINOS,                    No. C02-1704 CW

11          Petitioner,                    ORDER DENYING
                                           RESPONDENT'S
12      v.                                 MOTIONS TO
                                           AUTHORIZE
13   JOE McGRATH,                          INTERLOCUTORY
                                           APPEAL AND FOR
14          Respondent.                    STAY

15   _____/

16

17        Respondent has filed a motion to authorize an interlocutory

18   appeal of the Court's March 20, 2007 Order granting Petitioner

19   Felix Solorio Valdovinos's motion to lift the stay on his petition

20   for a writ of habeas corpus and to amend his petition to add newly

21   exhausted allegations.  Respondent also seeks a stay of the

22   proceedings pending resolution of the appeal.  Petitioner opposes

23   this motion.  The matter was taken under submission on the papers.

24   Having considered all of the papers on the motion, the Court DENIES

25   Respondent's motion to authorize interlocutory appeal and DENIES as

26   moot Respondent's motion to stay.

27        Respondent asks the Court to certify the following issues:

28

United States District Court
For the Northern District of California

(1) whether this Court erred in allowing Petitioner to add his newly exhausted claims to his petition without requiring him to show good cause for his delay in exhausting them, and (2) whether this Court erred in concluding that Petitioner's newly exhausted claims relate back to his original claims.

BACKGROUND

On December 1, 1998, a jury convicted Petitioner of the first degree murder of Nelson Caballero.  A state appellate court affirmed the judgment on August 23, 2000.  Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on June 29, 2001 that was denied on December 19, 2001.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitation on an application for a writ of habeas corpus in federal court.  28 U.S.C. § 2244(d)(1).  On April 10, 2002, Petitioner filed a timely pro se federal habeas petition in this Court.

On May 24, 2004, more than two years after the expiration of AEDPA's one-year statute of limitations (Dec. 3, 2004 Order at 14-15, Docket #38, dismissing unexhausted claims and staying petition), Petitioner's counsel filed a traverse introducing four pieces of newly discovered evidence that had not been submitted with his state habeas petition.  On July 27, 2004, Respondent moved to dismiss on the ground that the traverse added facts and legal theories that made Petitioner's claims unexhausted, and that the revised claims were untimely and did not "relate back" to the original ones.  The Court found that three of Petitioner's claims were, as revised, unexhausted, stayed the petition in light of the

United States District Court
For the Northern District of California

2

new evidence, and ordered Petitioner to proceed diligently to exhaust his remedies in State court. (Dec. 3, 2004 Order at 35, Docket #38)

More than nine months later, on September 9, 2005, Petitioner filed in the California Supreme Court a state habeas corpus petition, containing his unexhausted claims, which was denied on July 26, 2006. Petitioner returned to this Court on September 14, 2006 by filing a motion to lift the Court's stay and to amend the stayed petition to add the newly exhausted claims. Respondent opposed this motion, arguing (1) that Petitioner did not act within a reasonable time to exhaust his unexhausted claims, and (2) that the newly exhausted claims were untimely because they did not relate back to the original claims.

On May 20, 2007, the Court granted Petitioner's motion to lift the stay and to amend the petition to add the newly exhausted claims. Respondent then filed this motion to authorize an interlocutory appeal and a motion to stay proceedings pending resolution of the appeal.

DISCUSSION

I.  Legal Standard for Authorization of Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), this Court may certify an appeal of an interlocutory order if three factors are present. 28 U.S.C. § 1292(b).

First, the issue to be certified must involve a controlling question of law. Id. Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the

3

United States District Court
For the Northern District of California

district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)). The term "controlling" has been construed broadly and may, in limited circumstances, reach such issues as "needless expense and delay." Batt v. City of Oakland, 2006 U.S. Dist. LEXIS 77087, at *7 (N.D. Cal.) (citing Kuehner v. Dickinson & Co., 84 F.3d 316, 319 (9th Cir. 1996)).

Second, there must be substantial ground for difference of opinion on the issue. 28 U.S.C. § 1292(b). A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, an interlocutory appeal must be likely materially to advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case. Id. In light of the legislative policy that interlocutory appeals be certified only in exceptional circumstances, the court should consider whether litigation in reliance on its order permitting such an appeal would be "protracted and expensive." In re Cement Antitrust Litig., 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If an interlocutory appeal would delay resolution of the litigation, an appeal should not be certified. Shurance v. Planning Control Int'l, Inc., 839

4

F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear certified appeal in part because decision of Ninth Circuit might come after scheduled trial date).

The court should construe the requirements for certification strictly, and grant a motion for certification only when exceptional circumstances warrant such action. <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. <u>Id.</u> A court has substantial discretion in deciding whether to grant a party's motion for certification. <u>Brown v. Oneonta</u>, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) <u>rev'd in part on other grounds</u>, 106 F.3d 1125 (2nd Cir. 1997).

II.   Interlocutory Appeal of Delay Issue

Respondent argues that the first issue that is appropriate for interlocutory appeal is whether this Court erred in allowing Petitioner to add his newly exhausted claims to his petition without requiring him to show good cause for his delay in exhausting them.

a.   Controlling Question of Law

Respondent cites <u>APCC Services, Inc. v. Sprint Communications Co. L.P.</u>, 297 F. Supp. 2d. 90, 95-96 (D.D.C. 2003) and <u>Oxygenated Fuels Association, Inc. v. Pataki</u>, 304 F. Supp. 2d 337, 340 (N.D.N.Y. 2002) for the proposition that under 28 U.S.C. § 1292(b), a controlling question of law is one that could significantly affect or impact the action. Respondent argues that the issues he seeks to appeal meet that criterion because reversal of the Court's

United States District Court
For the Northern District of California

1   order would reduce Petitioner's claims to what they were in the

2   original petition, thereby avoiding the additional briefing and

3   other preparation Petitioner's expanded claims would require.

4        The resolution of this issue on appeal could materially affect

5   the outcome of litigation by saving time and expense for the

6   litigants and the Court if the Court's order were reversed.  The

7   issue of whether this Court erred in not requiring Petitioner to

8   show good cause for his delay in exhausting his state court

9   remedies is therefore a controlling question of law in this case,

10  at least as to the newly exhausted issues.  <u>Batt</u>, 2006 U.S. Dist.

11  LEXIS 77087, at *7 (citing <u>Kuehner</u>, 84 F.3d at 319).  Petitioner

12  does not argue otherwise.

13       b.   Substantial Ground for Difference of Opinion

14       Although Respondent vehemently argues that the March 20, 2007

15  Order is incorrect and did not address Respondent's legal

16  arguments, Respondent must make a greater showing that a

17  substantial ground for difference of opinion exists.  <u>See</u> <u>Mateo</u>,

18  805 F. Supp. at 800.

19       Citing <u>APCC Services, Inc.</u>, 297 F. Supp. 2d. at 97-98,

20  Respondent asserts that a substantial ground for difference of

21  opinion exists where there is a dearth of precedent within the

22  controlling jurisdiction and conflicting decisions in other

23  circuits, and where a court's challenged decision conflicts with

24  decisions of several other courts.  Respondent argues that the lack

25  of case law applying <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005),

26  establishes a substantial ground for difference of opinion as to

27  whether this Court was correct in allowing Petitioner to add his

28                                   6

**United States District Court**
For the Northern District of California

newly exhausted claims to his petition without requiring him to show good cause for his delay.  However, Respondent does not establish that there are conflicting decisions on this issue in other circuits or that this Court's order conflicts with decisions of other courts.

In <u>Rhines</u>, 544 U.S. at 278, the Supreme Court instructed courts to "place reasonable time limits on a petitioner's trip to state court and back."  The Supreme Court also instructed that a district court should stay rather than dismiss a petition with both exhausted and unexhausted claims if the petitioner had good cause for his failure to exhaust, his unexhausted claims were potentially meritorious, and there was no indication that the petitioner engaged in intentionally dilatory litigation tactics.  <u>Id.</u>

<u>Rhines</u> does not present a substantial ground for difference of opinion on whether nine months is a reasonable time for Petitioner to file his unexhausted claims in state court because <u>Rhines</u> did not set an outer limit of what is a reasonable time period. Although the Court in <u>Rhines</u> cited a Second Circuit opinion, <u>Zarvela v. Artuz</u>, 254 F. 3d 374, 381 (2nd Cir. 2001), which suggested that district courts condition stays on petitioners pursuing their state court remedies within thirty days, the Court did not adopt any specific time limit.  Moreover, <u>Rhines</u> was decided after this Court issued its order staying the petition and instructing Petitioner to proceed diligently to exhaust his state

7

United States District Court
For the Northern District of California

court remedies.  Because neither the Ninth Circuit[1] nor the Supreme Court has adopted a specific time limit for petitioners to file their unexhausted claims in state courts while the district court stays their petitions, it would have been inappropriate for this Court in its March 20, 2007 Order to impose retroactively and without notice a specific time limit on Petitioner.

Further, the limits the Supreme Court established in Rhines were primarily directed towards capital defendants who might delay filing an amended petition in state court in an attempt to delay the execution of their sentences.  Id. at 277-78.  That policy does not apply to Petitioner because he is not a capital defendant who has an interest in delay; there is no evidence that Petitioner intentionally engaged in dilatory litigation tactics.  As the Court noted in its March 20, 2007 Order, Petitioner did not control his counsel's schedule or have the ability to communicate with his counsel in English.  (Dec. 3, 2004 Order at 14.)  The Court also found that Petitioner is not responsible for not listing in his original petition exculpatory information that he had no knowledge of due to the alleged misconduct of the prosecutor.  (Dec. 3, 2004 Order at 16.)  To dismiss Petitioner's petition under these

---

[1]  Although several Ninth Circuit cases have held Zarvela's thirty-day suggested time limit to be reasonable, the Ninth Circuit has not required district courts to impose a thirty-day time limit on petitioners filing their dismissed claims while the proceeding is stayed.  See Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir. 2002) (holding that a district court "may require" petitioners to file their new state petition within thirty days) overruled in part by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007); Ford v. Hubbard, 330 F.3d 1086, 1103 (9th Cir. 2002); Brambles v. Duncan, 342 F.3d 898, 899 (9th Cir. 2003) (holding that taking eighty-five days to exhaust state remedies did not demonstrate the petitioner's lack of diligence).

**United States District Court**
For the Northern District of California

circumstances because he took nine months to file his state habeas petition would be unjustified and would not support <u>Rhine</u>'s primary goal of preventing intentional delays by capital defendants.  In this case, the strength of the ground for difference of opinion does not support an interlocutory appeal.

      c.  Materially Advance Termination of Litigation

     Respondent argues that if this Court authorizes an interlocutory appeal and its March 20, 2007 Order is reversed, the subsequent reduction in Petitioner's claims and the Court's workload would materially advance the termination of the litigation.

     A court should grant a motion for certification only when exceptional circumstances warrant such action.  <u>Coopers</u>, 437 U.S. at 475.  Respondent has not demonstrated that such extraordinary circumstances are present here.  If an interlocutory appeal were granted and the Ninth Circuit reversed this Court's March 20, 2007 Order, it would simplify the resolution of this case but would not end the litigation of Petitioner's remaining claims.  If the Ninth Circuit affirmed the Order, the interlocutory appeal would have delayed the ultimate termination of this case rather than advanced it.  Moreover, whatever the outcome of an interlocutory appeal, the other claims will go forward and one party may take a second appeal, thus burdening the court of appeals with two appeals in the same case.

III.  Interlocutory Appeal of Relation-Back Issue

     The second issue that Respondent argues is appropriate for interlocutory appeal is whether this Court erred in concluding that

9

**United States District Court**
For the Northern District of California

Petitioner's newly exhausted claims relate back to his original claims.  Under Federal Rule of Civil Procedure 15(c), new claims relate back to the date of the original pleading if they arose out of the conduct, transaction, or occurrence set forth in the original pleading.  Fed. R. Civ. P. 15(c)(2).

     a.  Controlling Question of Law

Respondent cites <u>APCC Services</u>, 297 F. Supp. 2d. at 95-96, and <u>Oxygenated Fuels</u>, 304 F. Supp. 2d at 340, for the proposition that, in determining whether a question of law is controlling, the court should consider the precedential impact the appeal will have on other cases.  Respondent argues that the present issue has precedential value and is therefore controlling because the case law on the "common core of operative facts" in the habeas context is sparse and because this case presents an opportunity for the Ninth Circuit to simplify AEDPA by holding that an untimely, factually unexhausted claim ordinarily does not relate back to the original, timely claim.

Because a successful interlocutory appeal of this issue would have precedential value as well as materially affect the litigation's outcome by saving time and expense for the litigants and the Court, this question is controlling, at least as to the newly exhausted issues.  <u>See</u> <u>In re Cement Antitrust Litig.</u>, 673 F.2d at 1026 (citing <u>United States Rubber Co.</u>, 359 F.2d at 785); <u>Batt</u>, 2006 U.S. Dist. LEXIS 77087, at *7 (citing <u>Kuehner</u>, 84 F.3d at 319).

10

b.   Substantial Ground for Difference of Opinion

As stated above, a substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling.  Mateo, 805 F. Supp. at 800.  Respondent argues that the March 20, 2007 Order is incorrect but does not make the requisite greater showing that a substantial ground for difference of opinion exists.

Respondent argues that the lack of case law applying Mayle v. Felix, 545 U.S. 644, 657-664 (2005), establishes a substantial ground for difference of opinion as to whether this Court was correct in allowing Petitioner to amend his petition.  Mayle held that amendments to a habeas petition do not "relate back" when they are based on facts that differ in time and type from those in the original pleading.  Because Mayle did not address cases such as this one involving amendments based on facts with no readily discernible time of occurrence, Respondent argues that the lack of case law leaves substantial ground for difference of opinion.

As with his argument based on Rhines, however, Respondent only establishes that there is a dearth of case law in this area, not that there are conflicting decisions on this issue in other circuits or that this Court's March 20, 2007 Order conflicts with decisions of other courts.  Thus, Respondent has not shown a substantial ground for difference of opinion on the relation-back issue sufficient to justify an interlocutory appeal.

c.   Materially Advance Termination of Litigation

Respondent does not separately discuss how an appeal of the

11

United States District Court
For the Northern District of California

relation-back issue would materially advance termination of the litigation. For the reasons stated above in regard to the issue of delay, even if the appellate court found that the new amendment did not relate back, the termination of the litigation would not be materially advanced.

CONCLUSION

For the foregoing reasons, Respondent's motion to authorize an interlocutory appeal (Docket #49) is DENIED and Respondent's motion to stay (Docket #49) is DENIED as moot. Respondent's answer to the petition is due thirty days from the date of this order. Petitioner's traverse is due thirty days thereafter.

IT IS SO ORDERED.

Dated: 7/12/07

_____
CLAUDIA WILKEN
United States District Judge

12